**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10841

SIX FLAGS OVER TEXAS, INC.,

Plaintiff-Counter Defendant-Appellee,

VERSUS

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 116,
(Affiliated with the AFL-CIO), Individually and on behalf of
Bobby H. Honea,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

June 19, 1998

Before REAVLEY, DeMOSS, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

The Appellee, Six Flags Over Texas, Inc. ("Six Flags"),
brought suit in federal district court against the International
Brotherhood of Electrical Workers Local No. 116 ("the Union"),
seeking to vacate an arbitration award in favor of the Union and
Honea. The Union appeals from a decision of the district court
ruling that the arbitrator had exceeded his authority under the
collective bargaining agreement by requiring Six Flags, and not the

Union, to prove its case beyond a reasonable doubt. After reviewing the record and briefs on appeal, we reverse.

I.

Six Flags entered into a collective bargaining agreement ("CBA") with the Union whereby the parties agreed to submit disputes arising under the CBA to a grievance and arbitration procedure. If a violation of the CBA occurs, the complaining party must file a written grievance. In the event the grievance is not settled, the Union may refer such matter to an arbitration panel selected in accordance with the CBA. The arbitration panel has jurisdiction to decide grievances arising under the CBA, but has "no authority to change, amend, add to, subtract from, or otherwise alter or supplement this Agreement or any part thereof or any amendment thereto." Under the agreement, the party presenting the grievance must show the correctness of its position beyond a reasonable doubt. If either party believes the arbitration panel has exceeded its jurisdiction, the award may be appealed to any court of competent jurisdiction for interpretation and decision.

The Grievant, Bobby A. Honea, was employed by Six Flags for fifteen years as an electrician and was covered by the terms of the CBA. Six Flags terminated Honea for time card irregularities because Honea claimed jury pay for two days when he in fact only

served on a jury for one day.[1]  The Union filed a grievance alleging that Six Flags did not have just cause to terminate Honea. Six Flags denied the grievance and the matter was subsequently presented to an arbitration panel pursuant to the CBA.

After finding that the Grievant had not deliberately falsified his time card, the arbitrator concluded that Honea was terminated without just cause and ordered that he be reinstated with full back pay, seniority and benefits.  Six Flags filed suit in federal district court seeking to vacate the award.  The district court vacated the award, holding the arbitrator violated the terms of the CBA by placing the burden of proof on Six Flags instead of the Union.

II.

Where a party appeals a grant of summary judgment in a suit to vacate an arbitration award, we review the district court's ruling under a de novo standard.  *See Houston Lighting & Power Co. v. International Brotherhood of Electrical Workers, Local No. 66*, 71 F.3d 179, 181 (5th Cir. 1995).  Our review of arbitration awards is usually extremely limited.  *See Delta Queen Steamboat Company v. District 2 Marine Engineers Beneficial Ass'n.*, 889 F.2d 599, 602

---

[1] The time card reflected two entries for "Jury Duty" on the days of March 22 and 23.  The entries were handwritten and signed by Bobby Honea.  The Park Maintenance Manager called the courthouse to verify Honea's jury service and discovered that Honea had served only one day of jury service on March 23.

3

(5th Cir. 1989). The courts have no authority to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. *See United Paperworkers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987). A court must affirm the arbitration award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id.* at 38. Consequently, if the arbitrator's decision "draws its essence from the collective bargaining agreement and the arbitrator is not fashioning his own brand of industrial justice, the award cannot be set aside." *Id.* (citing *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960)).

Six Flags argues that the arbitrator erroneously placed the burden of proof on the employer, in contradiction to the express language of the CBA. As evidence of the arbitrator's error, Six Flags quotes language from the arbitration award which purports to place the burden of proof on Six Flags. In reviewing the language quoted by the district court as evidence of the arbitrator's departure from the CBA, it appears that the district court confused the Union's position on the burden of proof with the arbitrator's rationale in the discussion section. The arbitrator discussed the burden of proof as follows:

> The Company argues that the burden of proof is on the grievant, and cites Article V, Section 2 . . . grievant must

4

show the correctness of his position beyond a reasonable doubt. That is not specifically however, what the agreement states. Section 4 (page 6) states:

> [A]nd it shall be up to the party presenting the grievance to show the correctness of its position beyond a reasonable doubt. . . .

> The Union advances an interesting argument in its post hearing brief:

> If indeed the Union, having filed and pursued every grievance, were always to have the burden of showing the correctness of its position beyond a reasonable doubt . . . the parties certainly could have so stated in their contract language. Instead, the descriptive phrase used (party presenting the grievance) is more generic, seeming to contemplate that there will be times when it is the Company, and not the Union, which must prove the correctness of its position.

> With regard to the particular case at bar, it seems reasonable to conclude that the party presenting this grievance is the Union. No testimony was offered, however, which would have shed some light as to the negotiating history of that particular language. By the same token, the Company is bound by the terms of Article VII, which allows termination or discipline for just cause.

Arbitration Award at 16-17.

After discussing the potential ambiguity of the term "party presenting the grievance," the arbitrator concludes that the Union is the party presenting the grievance. Immediately following the discussion of the party presenting the grievance, the arbitrator mentions that Six Flags is bound by the "just cause" standard when terminating an employee covered by the CBA. Six Flags contends that mentioning the just cause standard at this point indicates that the arbitrator required Six Flags to prove that it had "just cause" in terminating Honea, in violation of the express terms of

5

the agreement which places the burden of proof on the Union. At worst, the award is ambiguous as to which party ultimately bore the burden of proof. If an arbitration award is ambiguous, we resolve all doubts in favor of arbitration. *See Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213 (5th Cir. 1993)(citing *Moses H. Cone Memorial Hospital v. Mercury Constr.*, 460 U.S. 1 (1983)). As this court stated in *Valentine Sugars*, "If the award is rationally inferable from the facts before the arbitrator, we must affirm the award." *See Valentine Sugars,* 981 F.2d 214.

The award can be rationally interpreted as placing the burden of proof on the Union to prove that Six Flags terminated Honea without just cause. It appears that the Union has proven to the arbitrator that the grievant did not intend to deliberately deceive his employer when filling out the time card. The arbitrator concluded that at most Honea made an honest mistake. By not recognizing a mistake as just cause, Six Flags contends that the arbitrator violated the agreement because negligent acts are covered by the definition of "just cause" included in the CBA;[2] therefore, Six Flags had just cause in terminating Honea for his mistake. In finding lack of just cause, the arbitrator highlights

---

[2] In defining "just cause," Article VII of the CBA provides:

> It is the intent and purpose of this clause to include within the term "just cause" not only willful or negligent action or inaction but also action or inaction attributable to the individual's physical or mental incapacity or lack of capacity.

other incidents of time card irregularities which did not result in termination. In light of this evidence, it was reasonable for the arbitrator to conclude that a "mistake" in filling out a time card did not rise to the level of negligence required to sustain a charge of "just cause." Consequently, the district court erred by vacating the arbitration award.

Accordingly, we REVERSE the district court and reinstate the arbitration award.

REVERSED.