IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40576
_____

WEBER AIRCRAFT, INC.,

                                        Plaintiff-Counter
                                        Defendant-Appellee,

versus

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 767 AFL-CIO,

                                        Defendant-Counter
                                        Claimant-Appellant.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:00-CV-233)
_____
March 8, 2002

Before KING, Chief Judge, REAVLEY and WIENER, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Appellant General Warehousemen and Helpers Union Local 767, affiliated with

International Brotherhood of Teamsters (the Union), is a party to a collective bargaining

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement (CBA) with appellee Weber Aircraft, Inc. (Weber). Pursuant to the arbitration provisions of the CBA, the Union initiated an arbitration on behalf of employee and union member Scott Henry after he was terminated by Weber for absenteeism.

The arbitrator considered the relevant provisions of the CBA and the circumstances of Henry's absences from work in 1998. In describing his last two absences, the arbitrator concluded that "Henry responded on December 17, 1998, to a reasonable emergency situation at his residence and that the electrical outage also contributed [to] his failure to report at 4:30 a.m the following day for early overtime." The arbitrator went on to find that "Henry had good reason to leave work to attend to the situation at home and an understandable excuse for being late for the next morning's 4:30 a.m. mandatory overtime."

The arbitrator also considered language in the CBA providing that "[t]he Company will not make use of verbal reminders or written criticisms for progressive disciplinary purposes when the disciplinary action occurred twelve (12) or more months prior to the most recent disciplinary incident." Interpreting this provision to prohibit consideration of attendance problems in prior years, the arbitrator found that Weber "supervisors apparently considered the Grievant's previous years' attendance record when making the termination decision, which is in direct conflict with provisions of the Collective Bargaining Agreement."

The arbitrator held that Henry should be reinstated, that in lieu of the termination he should receive six-month suspension without pay or benefits, that Weber should make

2

Henry whole for all other losses including back pay and contractual benefits, and that Henry's hour bank for year 2000 should be reduced by 37 hours.

Weber then brought the federal district court action below to vacate the arbitration award. The Union counterclaimed for enforcement of the award. On cross-motions for summary judgment, the district court adopted a report and recommendation of a magistrate judge and vacated the arbitration award.

We have held that the arbitrator may not exceed his authority under the CBA. See E.I. DuPont de Nemours & Co. v. Local 900 of the Int'l Chem. Workers Union, 968 F.2d 456, 458 (5th Cir. 1992). Weber points out that the CBA expressly provides that "any decision rendered by the arbitrator must be within the scope of this Agreement and shall in no manner change or alter any terms or conditions thereof." Weber argued below, and the district court accepted, that the CBA attendance policy is a "no fault" policy providing for termination once the employee's eighty-hour "hour bank" is exhausted. Accordingly, Weber argued successfully below that the arbitrator exceeded his authority in siding with Henry and the Union in his award.

We cannot agree with Weber's position that the arbitrator exceeded his authority. The CBA does not by its terms state that discharge is automatic, or that the parties agree to a "no fault" policy of termination in all cases where absences from work exceed eighty hours. On the contrary, the CBA states in Article 7 that if absences reach eighty hours, the employee is only "subject to" discharge. In addition, Article 5 provides that Weber "shall have . . . the right to select, assign, transfer, promote, demote, suspend, and/or

3

discharge for just cause, provided, however, that except for promotion to a supervisory position, the exercise of these rights shall be subject to the terms of this Agreement, including the grievance procedure set forth hereinafter." The "just cause" language applicable to discharge decisions suggests that termination for poor attendance is not automatic but is subject to a more flexible or subjective just cause requirement.

In the field of labor arbitration, however, the job of the federal courts is not to second-guess the arbitrator's interpretation of the CBA. Review of an arbitrator's award is very limited. See Six Flags Over Texas, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 116, 143 F.3d 213, 214 (5th Cir. 1998); Exxon Corp. v. Baton Rouge Oil & Chem. Workers Union, 77 F.3d 850, 853 (5th Cir. 1996). "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." See United Paperworkers International Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). A court must affirm the arbitration award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Id. at 38. "In determining whether the arbitrator exceeded his jurisdiction, we resolve all doubts in favor of arbitration." Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210, 213 (5th Cir. 1993). "So long as the arbitrator's decision 'draws its essence from the collective bargaining agreement' and the arbitrator is not fashioning 'his own brand of industrial justice,' the award cannot be set aside." Delta Queen Steamboat Co. v. District 2 Marine Eng'rs Beneficial Ass'n, 889 F.2d 599, 602 (5th Cir. 1989) (quoting United Steelworkers

4

of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)).  Under this highly deferential review, we conclude that the arbitrator's decision draws its essence from the CBA, and we cannot say that the arbitrator exceeded his authority and fashioned his own brand of industrial justice.

We recently decided a similar case involving the same parties, the same counsel, and the same CBA.  Weber Aircraft Inc. v. Gen. Warehousemen & Helpers Union Local 767, 253 F.3d 821 (5th Cir. 2001) (Weber I).  In Weber I, the arbitrator, after considering the "just cause" language of the CBA and other provisions, ruled that Weber was not justified in terminating an employee for sexual harassment, but that, as here, in lieu of the termination the employee should be suspended without back pay for a specified period. Id. at 823.  After the district court vacated the arbitration award, we reversed the district court and reinstated an arbitrator's award.  Id.  As the parties are fully aware of the underlying facts of Weber I and our stated reasons for reinstating the arbitrator's award, we do not present an analysis of our earlier decision here.  Suffice it to say that while the facts and specific CBA provisions at issue in Weber I and the pending case are not identical, the essential reasoning of Weber I and the result reached are entirely consistent with the result we reach in the pending case.

The judgment of the district court is reversed, and the arbitrator's award is reinstated.