Rudolph L. Milasich, Jr., Pittsburgh, Pa., Patricia Guthrie Fraley, Birmingham, Ala., for defendants-appellants.

Cornelius R. Heusel, Kullman, Inman, Bee & Downing, S. Mark Klyza, New Orleans, La., for plaintiff-appellee.

**CONTAINER PRODUCTS, INC.,**
Plaintiff–Appellee,

v.

**UNITED STEELWORKERS OF AMERICA, AND ITS LOCAL 5651, Defendants–Appellants.**

No. 87–3932
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 30, 1989.

Before RUBIN, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

This case focuses on the limited power of a court to exercise authority over an arbitration award. The line of events bringing this case before us commenced in January of 1987, when Pascal J. Barone, III (the grievant-employee), was training a new employee at Container Products, Inc. (the Company). After a dispute[1] between a foreman and Barone concerning the type of work which Barone should be performing, Barone was discharged. The United Steelworkers of America and its Local 5651 (the Union), filed a grievance on Barone's behalf. The Company and the Union agreed to forego any preliminary steps and proceed directly to arbitration.

The arbitrator, despite an implicit finding of just cause for dismissal, reinstated Barone and ordered other relief. The district court, finding that the arbitrator had exceeded his authority, vacated the portion of the award that fashioned a remedy and reimposed the discharge.

## I. ARBITRATOR'S AWARD

The Company and the Union are parties to a Collective Bargaining Agreement which provides in pertinent part that "[s]hould it be determined by the arbitrator that an employee has been suspended or discharged for proper cause therefor, the arbitrator shall not have jurisdiction to

---

**1.** During the dispute, Barone responded with various obscenities.

modify the degree of discipline imposed by the Company." Prior to arbitration, the parties stipulated that the issue before the arbitrator inquired into whether there was "just cause for the discharge of Pascal J. Barone, III? If not, what shall be the remedy?".

The arbitrator, without specifically determining the existence, *vel non*, of just or proper cause, ordered Barone reinstated without any backpay except for the crediting of seniority earned by him at the time of his discharge. The arbitrator additionally required that Barone be placed on probation for ninety work days from the date of reinstatement, and that he submit to a physical examination, at the Company's request and expense, for the purpose, *inter alia*, of revealing the use of controlled substances.

Following the imposition of this order, the Company filed an action in federal district court seeking to vacate the arbitrator's award insofar as it modified the discipline imposed by the Company. The Union counterclaimed for enforcement of the arbitrator's award. Both parties moved for summary judgment, which the district court granted in the Company's favor. The district court, reasoning that the arbitrator exceeded his authority because he modified the discipline imposed by the Company despite a finding that the Company had just or proper cause to discharge Barone, vacated the portion of the arbitrator's award fashioning a remedy, and reinstated the discharge. From this order, the Union appeals.

## II. THE SCYLLA AND CHARYBDIS

It is well-settled that arbitration awards are peculiarly insulated from judicial review. "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." [2] Consequently, the Supreme Court long ago determined that so

long "as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." [3] Simply put, the courts have limited power to review the merits of an arbitration award.

At essence in the case *sub judice*, however, is not the merits of the award, but the jurisdiction of the arbitrator. The contract clearly states that the arbitrator has jurisdiction to alter the disciplinary action imposed by the Company *only* if the arbitrator first makes a determination that the Company did *not* have just cause to impose discipline on the employee. The issue submitted to the arbitrator reflects this situation: as a prerequisite for altering the remedy imposed, the arbitrator must determine that no just cause for the discharge existed.

The arbitrator did in fact alter the remedy; however, he made no clear finding as to the existence or nonexistence of just cause. Our problem, then, is whether we should infer from the result alone that the arbitrator found the prerequisites necessary for his assumption of jurisdiction. We conclude that such an approach is not warranted. Rather, an examination of the entire opinion entered by the arbitrator mandates our conclusion that the arbitrator implicitly found the existence of just cause for dismissal. Consequently, the arbitrator's alteration of the remedy imposed by the Company constituted an ultra vires act.

The Supreme Court, in United Paperworkers, has stressed that the amount of deference given to an arbitrator's determination is great.

> [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.[4]

The Union would have us interpret this language to indicate that because the arbitrator's remedy can, arguably, be con-

---

**2.** *United Paperworkers International v. Misco,* 484 U.S. 29, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987).

**3.** *Id.* (quoting *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960)).

**4.** 108 S.Ct. at 371.

**820**

strued as a finding of no just cause, the district court erred in holding that the arbitrator exceeded his authority. We, however, construe the Supreme Court's language as an admonition concerning the merits of the controversy rather than any jurisdictional prerequisites imposed by the arbitration agreement. We make this interpretation in light of the fact that vacation or modification of an arbitration award is clearly proper where the arbitrator has exceeded his authority.[5] In this case, the arbitrator has, in fact, exceeded his authority. We base this conclusion on the implicit finding of just cause for dismissal apparent from the arbitrator's order.[6]

Specifically, the arbitrator noted that "there was no reason for the Grievant to refuse to do the work.... The evidence is that good labor relations have existed in this plant and the Grievant's actions, words, gestures and attitude were destructive and disruptive to such good labor relations." Further, the arbitrator noted that "evidence of cause for discharge ... has been presented by the Company."

Despite finding that just cause for the dismissal existed, the arbitrator imposed an alternative remedy based on the following rationale:

> There is a school of thought among arbitrators that if cause is found for the discipline assessed, then that discipline may not be overturned although it may be modified. On the other hand, there is a school of thought among arbitrators that despite a showing of cause for the discipline assessed, it may well serve the interests of the parties and promote good labor relations by providing an alternative remedy.[7]

This language seems to indicate that the arbitrator was following a school of thought allowing either modification or revision of the remedy even in a situation where just cause had been determined. This is contrary to the contract entered into between the parties. Because just cause for dismissal was found to exist, the arbitrator had no jurisdiction to assess an alternative remedy or impose a modification.

## III. CONCLUSION

The arbitrator in this case clearly exceeded his authority. Consequently, we affirm the district court's order vacating the remedy imposed by the arbitrator and reinstating the discharge.

AFFIRMED.

---

**5.** *See* 9 U.S.C. § 10(e).

**6.** It should not be necessary for the reviewing court to sift through an ambiguous and unclear award to reach a determination of whether the jurisdictional prerequisite has been satisfied. The deference that is due an arbitration award can be said to conflict with a court's ability to vacate an award which was rendered beyond the scope of the arbitrator's power. The conflicting forces of deference to the arbitrator and respect for jurisdictional requirements are posed for conflict in a case such as this where, although we are confident that the arbitrator implicitly found just cause for dismissal, a clear and concise statement to that effect would have avoided the significant usurpation of this Court's time.

**7.** Arbitration Order and Award at 14–15.