**STROEHMANN BAKERIES, INC., Plaintiff,**

v.

**LOCAL 776 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant.**

Civ. A. No. 1:CV–90–1359.

United States District Court, M.D. Pennsylvania.

March 18, 1991.

Timothy P. O'Reilly, Steven R. Wall, Catherine Reid, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Ira H. Weinstock, Harrisburg, Pa., for defendant.

MEMORANDUM

CALDWELL, District Judge.

The pending action concerns this court's review of an arbitration award rendered pursuant to a collective bargaining agreement between plaintiff, Stroehmann Bakeries, Inc., and defendant, International Brotherhood of Teamsters, Local Union No. 776 (the "Union"). Each party has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff seeks to vacate the award, which ordered the reinstatement of one of its employees, whom plaintiff discharged for abusing a female employee of one of its customers. Plaintiff submits that the award and the arbitrator's reasoning and judgment violates the well established public policy of promoting the prevention of sexual harassment in the work place. Defendant has moved to enforce the award, contending that it was based on a fair interpretation by the arbitrator of the "just cause" provision of the collective bargaining agreement. We have examined the motions under the well settled standard. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff employed Samuel Leonard, a member of the defendant Union, as a "store door" driver, or one who makes deliveries to plaintiff's customers. Plaintiff discharged Leonard following its investigation of a store clerk's complaints that she was sexually assaulted by Leonard as he made a delivery. A dispute arose concerning whether plaintiff had cause to terminate Leonard, and as noted the matter was referred to arbitration. On June 18, 1990, an arbitrator issued an award which concluded, (1) that plaintiff had not adequately investigated the alleged sexual assault and,

(2) that Leonard was dismissed without just cause. Leonard was ordered reinstated to his position with full back pay and benefits.

Plaintiff filed this action challenging the award on the grounds that it violates public policy in contravention of Title VII of the Civil Rights Act of 1964, which precludes sexual harassment in employment. The award is also alleged to be contrary to other well-defined precedent which reveals a strong public intolerance and repugnancy towards sexual assaults. Defendant concedes that there is in fact a well defined and dominant public policy against sexual harassment and assault. The central issue before us, therefore, is whether the arbitrator's reasoning process, language, tone, considerations, and award violate public policy.

██ Upon reading the arbitrator's opinion and award, the most notable omission is that he did not make a factual determination whether plaintiff, faced with the facts presented, reasonably believed that Leonard had committed an assault.[1] In other words, he "made no clear finding as to the existence or nonexistence of just cause" to discharge Leonard. *Container Products, Inc. v. United Steelworkers of America,* 873 F.2d 818 (5th Cir.1989) (arbitrator exceeded his authority under bargaining agreement by failure to determine just cause). Rather, the arbitrator focused exclusively upon whether plaintiff's investigation of the charges against Leonard was sufficient to satisfy "industrial due process" requirements.[2] Although the extent of plaintiff's investigation is certainly relevant, we believe that the arbitrator focused too narrowly on that investigation, and failed to address the merit of plaintiff's conclusion that an assault had occurred.[3]

---

1. The arbitrator stated that "this action does *not* involve any fine questions of quantum of proof, relative credibility of witnesses, [or] seriousness of charged misconduct." However, it is well-settled that in order for a discharge to be sustained as being for just cause it must be shown that the misconduct was sufficiently serious to warrant that penalty.

2. The phrase "industrial due process" has often been utilized in arbitration hearings. This concept generally refers to an employer's responsibility to ensure that its employees are afforded notice and some opportunity to respond to allegations of misconduct before they may be discharged for cause.

3. Although plaintiff has not raised the issue in its complaint, we recognize that when there is no express requirement in a collective bargaining agreement "specifying the nature or extent of an investigation" to be conducted by an employer prior to a discharge, it has been held that an arbitration decision on the issue of just cause

Moreover, it was not explained how or why plaintiff's investigation was deficient, or what other steps plaintiff could have pursued to improve the investigation.

The opinions and statements expressed by the arbitrator are laced with disturbing comments which indicate a clear disposition towards Leonard, and some insensitivity to claimants of sexual harassment. An arbitrator's award may be overturned if he "based his award on his own personal notions of right and wrong" *E.I. Du Pont de Nemours & Co. v. Grasselli Employees Independent Assoc.*, 790 F.2d 611, 614 (7th Cir.1986) or "his own brand of industrial justice." *U.S. Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Additionally the Third Circuit has long held that an arbitrator's award may be vacated where partiality and bias are shown. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 n. 27 (3d Cir.1969).

Considerations referred to by the arbitrator in conjecturing on the matter included the following: (1) that the victim lacked a social life, had a female roommate, and did not have a boyfriend, (2) that Leonard was married and had children of certain ages, and (3) that the victim weighed 225 pounds and was, as the arbitrator termed it, "unattractive and frustrated." The arbitrator went so far as to speculate that the victim could have fabricated the incident in order to "titillate herself and attract her mother's caring attention," a suggestion that is totally unsupported and unwarranted. The arbitrator also employed such inappropriate language as, "even if [the victim] were the most celebrated slattern in seven states ..." and that Stroehmann managers were "hobbled in their response by a puritan unwillingness to pursue a necessary inquiry into a tabu subject matter ..."

Further, the arbitrator expressed his personal opinion that Stroehmann managers were oversensitive in their dealings with the victim and that the victim's bashfulness and reputation as a "good Christian girl" were irrelevant. At the same time, however, he attributed much importance to the effect of the incident on Leonard's marriage. The arbitrator inexplicably disregarded Leonard's admission that he did make sexual comments to the victim concerning his wife's anatomy, which, by itself, could have been a basis for discharge. The failure to refer to Leonard's offensive remark implies that such conduct by employees is acceptable. Likewise, the arbitrator failed to consider the telling inconsistencies in Leonard's accounts of the incident.[4]

■ The law is well established that where an arbitrator's award violates public policy, a district court may vacate the award. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); *W.R. Grace & Co. v. Local Union 759, International Union of United Rubber, etc.*, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). As indicated, defendant agrees that public policies exist with regard to sexual harassment in the work place and against sexual assault and abuse in general. We find that the arbitrator's decision to reinstate Leonard violates such policies and sends a message to Stroehmann employees and to the public that complaints of sexual assault are not treated seriously, sensitively, or with real regard for the truth of the allegations.

The credence and weight which was attributed to irrelevant considerations, by itself, offends public policy.[5] The manner in which the award was reached could easily deter other victims, and Leonard's rein-

"precluded any claim of inadequate investigation." *National Post Office v. U.S. Postal Service*, 751 F.2d 834 (6th Cir.1985).

4. Leonard, when first confronted, denied all accusations. When questioned later, he accused the victim of "talking sex" to him and making sexual advances towards him.

5. Leonard's attorney was twice permitted to ask plaintiff's witness, "would you think an average man or yourself would make a pass at a woman who weighs 225 pounds?" Apparently this question was deemed relevant to the matter of just cause. We consider it irrelevant, and it implies that Leonard's version of the incident should be credited due to the victim's perceived unattractiveness.

statement could suggest to Stroehmann's work force that claims of unwitnessed sexual harassment will not be treated seriously.

As indicated, the arbitration was conducted without ever directly addressing the ultimate issue at hand—whether plaintiff was reasonable in its belief that Leonard had assaulted the victim. In order to fairly determine whether Leonard was discharged without just cause, there must be a showing that plaintiff's determinations were incorrect, unfounded or unreasonable, which necessarily includes a consideration of whether the alleged assault occurred. The arbitrator failed to make any such determinations. To simply announce that plaintiff's investigation was insufficient, without properly considering the merits of the discharge, undermines plaintiff's ability to maintain a work force that fulfills its legal obligation to prevent incidents of the kind involved here. *See, Newsday, Inc. v. Long Island Typographical Union, No. 915, CWA,* 915 F.2d 840 (2d Cir.1990); 29 C.F.R. § 1604.11(d).

We wish to emphasize that the court expresses no opinion on the alleged assault or whether plaintiff reached the proper employment decision, and indeed plaintiff is not requesting that the award be overturned and that Leonard's discharge be affirmed. Rather, plaintiff asks only that the award be vacated and the matter be remanded to another arbitrator, for consideration of the matters at issue on the merits. By vacating the award and remanding for another arbitration hearing we will further another public policy that requires labor disputes to be resolved properly and impartially.

An appropriate order will issue.

### ORDER AND JUDGMENT

AND NOW, this 18th day of March, 1991, upon consideration of cross-motions for summary judgment, it is ordered and declared that:

   1. The arbitration award issued on June 18, 1990, in the matter of *Stroehmann Bakeries, Inc. v. International Brotherhood of Teamsters, Local 776,*

AAA Case No. 14300–1939–893, JS Case No. 1523, is vacated. Said matter shall be referred to another arbitrator who shall conduct a hearing *de novo* on the issue of whether Samuel Leonard was discharged without just cause.

   2. Plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

   3. Judgment is hereby entered in favor of plaintiff and against defendant.

   4. The Clerk of Court shall close this file.