IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-6335
Summary Calendar
_____

E.I. DuPONT De NEMOURS AND
COMPANY,

                    Plaintiff-Counter
                    Defendant-Appellee,

v.

LOCAL 900 OF THE INTERNATIONAL
CHEMICAL WORKERS UNION, AFL-CIO,

                    Defendant-Counter
                    Plaintiff-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
_____
(August 4, 1992)
Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

     Local 900 of the International Chemical Workers Union, AFL-
CIO, appeals from a judgment of the district court reversing a
finding by an arbitrator as to the propriety of the discharge of
two employees from a DuPont chemical plant under a collective
bargaining agreement.  We affirm the judgment of the district
court.

1

## I.   FACTS AND PROCEDURAL HISTORY

Two employees of E.I. DuPont de Nemours and Company ("DuPont"), James A. Davidson and Joseph S. David ("Grievants"), were discovered in a small shed on DuPont property in which a supervisor detected the odor of marijuana.  Grievants voluntarily submitted to a drug test which proved positive.  In February 1989, they were discharged for use of marijuana on company premises.  Grievants filed grievances under Article VIII, Section 1 of a collective bargaining agreement ("Agreement"), which prohibited the discharge of employees except for "just cause."  Pursuant to Article VII, Section 2 of the Agreement, DuPont and Local 900 of the International Chemical Workers Union, AFL-CIO ("Union") executed a Submission Agreement, which permitted an arbitrator to determine if DuPont had indeed discharged Grievants for just cause.  That same section of the Agreement provided that the decision of the arbitrator "shall be restricted to the issues specified in the Submission Agreement, . . . provided the decision does not exceed the authority conferred by this Agreement on the Arbitrator."

At the arbitration hearing on August 15, 1990, the parties stipulated that the issue to be determined by the arbitrator was limited to the following:  "Were the Grievants discharged for just cause under the contract?  If not, what is the appropriate remedy?"  The arbitrator found that DuPont had proven, by clear and convincing evidence, that Grievants had used marijuana on company premises.  He determined, however, that while discharge

2

was an available punishment, in this case it was inappropriate, and therefore ordered reinstatement, rehabilitative treatment, and follow-up drug testing.

On April 10, 1991, DuPont filed an action in federal district court for review of the arbitrator's award pursuant to 29 U.S.C. § 185.  Both parties moved for summary judgment, and on October 29, 1991, the district court granted DuPont's motion.  According to the district court, the arbitrator exceeded his jurisdictional authority when he found just cause to discharge the employees but nevertheless fashioned a remedy other than discharge.  The issue as stipulated by the parties, reasoned the district court, gave the arbitrator authority to fashion a remedy only in the event he found no just cause.  On November 18, 1991, the Union filed a timely notice of appeal.

## II.  DISCUSSION

An arbitrator's award will not be disturbed if his decision "draws its essence from the collective bargaining agreement," and is not based on the arbitrator's "own brand of industrial justice."  United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).  Courts are free, however, "to scrutinize the award to ensure that the arbitrator acted in conformity with the jurisdictional prerequisites of the collective bargaining agreement."  Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n, 889 F.2d 599, 602 (5th Cir. 1989), cert. denied, 111 S.Ct. 148 (1990).  If the court finds that the arbitrator exceeded the arbitral authority

3

laid out in the agreement, then the district court's action vacating the award is appropriate. <u>Container Prods., Inc. v. United Steelworkers of America</u>, 873 F.2d 818, 820 (5th Cir. 1989); <u>Delta Queen</u>, 889 F.2d at 602. We review the district court's ruling that the arbitration award was not grounded on the agreement of the parties <u>de novo</u>. <u>Id.</u>; <u>HMC Management Corp. v. Carpenters Dist. Council</u>, 750 F.2d 1302, 1304 (5th Cir. 1985).

The parties appear to agree that the discharge of Grievants was an available disciplinary action only if DuPont proved by clear and convincing evidence[1] that the employees used marijuana while on DuPont premises.[2] The arbitrator found that DuPont had proven by clear and convincing evidence that Grievants had indeed used marijuana on company premises. The arbitrator expanded upon this finding:

> Unquestionably, the Company made it plain to its employees that using drugs on the Company premises was a discharge offense. Neither Grievant suggested that they were unaware of the potential consequences of what was, ultimately, a voluntary act.

While the arbitrator did not explicitly find that DuPont had just cause to discharge Grievants, the district court found that the language used by the arbitrator constituted an implicit finding of just cause. We agree. This court has held that where an arbitrator implicitly finds that just cause exists, he need

---

[1] The arbitrator settled upon the "clear and convincing" standard and the parties do not contest that standard.

[2] The parties agree that the Grievants had marijuana in their systems while on DuPont premises. This was also a rule violation, but not one sufficient to constitute just cause for discharge.

4

not recite the operative phrase "just cause." See Delta Queen, 889 F.2d at 604 ("proper cause"); Container Prods., 873 F.2d at 820 ("just cause"). In Delta Queen, we stated that

> [t]he phrase carries no talismanic significance in labor jurisprudence. It is simply a term of art that defines the many unrelated, independent acts that serve as grounds for employee discipline under the agreement.

Id. We therefore agree with the district court that the arbitrator's language with regard to Grievants' use of marijuana on company premises constituted a finding of just cause.

The Submission Agreement provided to the arbitrator by the parties permitted the arbitrator "solely to determine whether the PLANT violated Article VIII, Section 1 of said Agreement by discharging [Grievants]. . . ." Article VIII, Section 1 of the Agreement provides that "[t]he PLANT agrees that no employee will be discharged . . . except for just cause." The Submission Agreement was silent as to the remedial authority of the arbitrator. However, at the commencement of the arbitration hearing, the parties provided the arbitrator with the following stipulated issue which specified his remedial powers:

> Were the Grievants discharged for just cause under the contract? If not, what is the appropriate remedy?

The Union argues now, as it did before the district court, that the second sentence above empowers the arbitrator to fashion a remedy regardless of a finding of just cause for termination. The district court disagreed, reasoning that the stipulation gives the arbitrator remedial power only in the event that just cause is not shown.

5

Again, we agree with the reasoning of the district court. The plain, unambiguous language of the stipulation reveals that an "appropriate remedy" is only at issue if Grievants were discharged without just cause. The stipulation does not address any authority on the part of the arbitrator in the event just cause was shown by DuPont. Cf. Container Prods., 873 F.2d at 819 (affirming district court's vacatur of arbitration award where arbitrator, who was empowered with remedial authority only in the event discharge was without just cause, fashioned remedy despite implicit finding of just cause). The Submission Agreement itself was silent as to the arbitrator's remedial authority, and the stipulated issue was unambiguous as to the limits of this authority. Cf. Delta Queen, 889 F.2d at 604 ("arbitral action contrary to express contractual provisions will not be respected"). Accordingly, we hold that the district court's determination that the arbitrator exceeded his authority was proper.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court, vacating the arbitration award, is AFFIRMED.