IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60822
Summary Calendar

_____

MARSHALL DURBIN POULTRY COMPANY, INC.,

Plaintiff-Counter Defendant-Appellee,

versus

UNITED FOOD AND COMMERCIAL WORKERS UNION,
LOCAL 1991, AFL-CIO, on behalf of Zandria Wilson,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
USDC Nos. 2:99-CV-272-PG, 2:99-CV-273-PG

_____

July 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

United Food and Commercial Workers Union, Local 1991, AFL-CIO appeals the district court's order vacating two arbitration awards to former employees of Marshall Durbin Poultry Company, Inc. The district court found that the parties' Collective Bargaining Agreement established a three-step grievance procedure as a prerequisite to arbitration. The district court held that the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arbitrators had exceeded their authority under the CBA by finding that the disputes were arbitrable. The district court determined that, since the grievance procedure was not followed, arbitration was not appropriate.

A district court may vacate an arbitral award if the arbitrator exceeded the scope of its authority as outlined in the agreement.[1] Although courts accord considerable deference to the merits of arbitral awards, courts are free to reexamine the jurisdictional requirements of a collective bargaining agreement.[2]

The court did not err in finding that the parties could not modify the step three procedures by anything other than a mutual, written agreement. The district court also correctly observed that these grievance procedures constituted a jurisdictional prerequisite to arbitration. We conclude that the court did not err in holding that the arbitrators exceeded the scope of their authority under the CBA.

AFFIRMED.

---

[1] *See E.I. DuPont de Nemours & Co. v. Local 900 of Int'l Chem. Workers Union*, 968 F.2d 456, 458 (5th Cir. 1992).

[2] *See id.; Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 889 F.2d 599, 602 (5th Cir. 1989); *Container Products, Inc. v. United Steelworkers of America*, 873 F.2d 818, 819-20 (5th Cir. 1989).