AMERICAN EAGLE AIRLINES,
INC., Plaintiff,

v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL, Defendant.

No. 4:01–CV–0917–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 9, 2002.

Dee J. Kelly, Sr., Roger C. Diseker, Kelly Hart & Hallman, Fort Worth, TX, for plaintiff.

Hal K. Gillespie, Gillespie Rozen & Watsky, Dallas, TX, for defendant.

## MEMORANDUM OPINION and ORDER

MCBRYDE, District Judge.

Came on for consideration the motion of plaintiff, American Eagle Airlines, Inc., for summary judgment and the motions of defendant, Air Line Pilots Association, International, to dismiss, for summary judgment, and for expedited consideration. The court, having considered the motions, the responses, the replies, the record, the summary judgment evidence, and applicable authorities, finds that plaintiff's motion should be granted and that defendant's motions should be denied.[1]

### I.

#### Claims Asserted

On November 16, 2001, plaintiff filed its complaint for review and vacation of arbitration award, and on March 7, 2002, having obtained leave of court, filed its amended complaint for review and vacation of arbitration award. The action is brought under the Railway Labor Act, 45 U.S.C. §§ 151–88 ("RLA") to overturn an arbitration award issued under an arbitration procedure contained in a collective bargaining agreement between plaintiff and defendant. Plaintiff contends that the arbitration award fails to conform to the terms of the collective bargaining agreement and was beyond the jurisdiction of the System Board of Adjustment. Plaintiff also contends that the award violates public policy. By a counterclaim, defendant seeks enforcement of the arbitration award and statutory costs and attorney's fees pursuant to the RLA, 45 U.S.C. § 153 First(p).

### II.

#### Grounds of the Motions

Defendant contends that the amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction because plaintiff has failed to "specify facts [that] would cause this Court to invoke its extremely limited review jurisdiction under the RLA." Def.'s Br. in Supp. of Mot. to Dismiss at 8. The brief goes on to discuss reasons why plaintiff's claims are without merit. As a result, defendant contends it is entitled to judgment enforcing the award and granting it a statutory award of attorney's fees and costs.

Plaintiff seeks judgment as a matter of law that the arbitration award should be vacated for two reasons. First, the System Board of Adjustment failed to confine itself to matters within its jurisdiction. Second, the award is contrary to public policies regarding harassment and air travel security.

### III.

#### The Motion to Dismiss

■ When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454

---

1. The request for expedited consideration is moot, as the court is now considering the merits of the claims asserted in this action.

U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. *Id.* Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. *McNutt,* 298 U.S. at 178, 56 S.Ct. 780; *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

■ Here, the court is satisfied that plaintiff has met its burden. Under the RLA, a court may review an arbitration award if (a) the System Board failed to comply with the RLA, (b) the System Board failed to limit itself to matters within its jurisdiction, or (c) the award is tainted by fraud or corruption. 45 U.S.C. § 153 First(q); *Union Pac. R.R. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978). Additionally, courts may refuse to enforce awards that contravene clear, well-defined public policies. *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 42, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) Plaintiff has pleaded that two of these conditions exist. Defendant does not seriously contend that the court lacks jurisdiction. Rather, its focus is on the alleged lack of merit of plaintiff's position. Thus, the motion to dismiss will be denied.

## IV.

### *Applicable Summary Judgment Principles*

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256, 106 S.Ct. 2505. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If the record taken

as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597, 106 S.Ct. 1348.

## V.

### *Undisputed Evidence*

The following is an overview of evidence pertinent to the motions for summary judgment that is undisputed in the summary judgment record:

Defendant is a labor union representing the pilots employed by plaintiff. Plaintiff operates a passenger airline service and is a carrier by air as defined by the RLA. Plaintiff and defendant are parties to a collective bargaining agreement covering pilots employed by plaintiff. The agreement includes a grievance procedure whereby pilots can resolve disputes with plaintiff through final and binding arbitration.

Plaintiff's employment policies and rules of conduct specifically prohibit employees from engaging in any discriminatory or harassing conduct based on any personal status or criteria protected by law, including, but not limited to, a person's race and national origin. Rule 10 of the employee rules of conduct cautions employees to "be sure to observe security and smoking rules in all areas you work or visit." Pl.'s App. at 15. Rule 34 provides, in pertinent part: "Any action constituting a criminal offense, whether committed on duty or off duty, will be grounds for dismissal." *Id.* at 15–16. And, Rule 36 provides: "The possession of firearms, explosives, or other weapons on Company property or while attempting to access secured areas, aircraft, or Company property, or knowingly permitting another employee to do so, is strictly prohibited. This includes both on and off duty periods." *Id.* at 16.

In November 1999, a ramp service employee of plaintiff complained that Captain Terry Loy Balser ("Balser") had made inappropriate statements to him. The complainant was a black employee of African, French, and German descent. During their conversation, Balser had displayed a "reverse Swastika" medal that he had reason to believe would be perceived as offensive by African–Americans. He also suggested that it was unfortunate that "our tax money" is going to African–Americans and Latinos. *Id.* at 14. Balser had been warned previously about the importance of complying with the anti-harassment policy of plaintiff. Plaintiff's chief pilot removed Balser from flight status pending an investigation. The investigation led to further allegations of misconduct by Balser. On the basis of an interview with flight attendants, a search was made of Balser's flight bag, which had been left by him in the crew room. Found in the bag was an item the chief pilot described as a weapon called a dirk. The weapon was a hard plastic knife-like object about seven inches long, with a three-sided blade, itself three-and-one-quarter-inches long. The blade narrowed to a sharp point at the tip. The dirk was made of material that allowed it to pass through airport security screening systems.

Plaintiff held two investigative meetings with Balser in November 1999. By letter dated November 29, 1999, plaintiff discharged Balser for engaging in conduct regarded as improper harassment based on race and national origin, for carrying a dirk into secured areas of airports and onto plaintiff's aircraft, and for "nodding off" in the cockpit while ostensibly in command of an aircraft carrying passengers in flight. (This latter conduct came to light in interviews with other pilots. Balser admitted to "nodding off" in the cockpit.)

On December 8, 1999, defendant filed a grievance and requested an investigation and hearing concerning whether plaintiff had just cause to terminate Balser. The

collective bargaining agreement between the parties provides for grievances and states, in pertinent part:

C. HEARINGS AND APPEALS.

1. A first step hearing will be held at the pilot's domicile within fourteen (14) days of the date written request is received by the Vice President of Flight Operations with a copy to the Domicile Chief Pilot. The aggrieved pilot(s) will be given at least seventy-two (72) hours notice of the time and date for such hearing.

Pl.'s App. at 370. The agreement further provides:

G. GENERAL PROVISIONS.

. . . .

2. If the Company fails to provide a written decision to the pilot and/or LEC Grievance Representative, or hold a required hearing within the time limits specified, the pilot and the Association may consider the grievance denied.

*Id.* at 371. Plaintiff did not schedule a hearing, so defendant proceeded to the next level of review, the System Board of Adjustment.

The System Board of Adjustment was comprised of three members, one selected by plaintiff, one selected by defendant, and one neutral member, who served as referee. The Board held hearings on October 3, 4, and 5, 2000, and March 23, 2001. The parties filed briefs on June 3, 2001. And, on July 27, 2001, the Board issued its opinion and award. Pursuant to the collective bargaining agreement the Board had "jurisdiction over grievances filed pursuant to the terms of this Agreement. The Board [did] not have any power to alter or amend the provisions of this Agreement." Pl.'s App. at 374.

In its opinion and award, the Board defined the issues as follows:

(1) Does the evidence establish just cause under Section 20, A, 2 for the "Final Advisory/Termination" issued to Captain Terry L. Balser, effective November 29, 1999?

(2) If not, what is the remedy?

Pl.'s App. at 2. Although the Board concluded that plaintiff had just cause to terminate Balser,[2] the Board decided that Balser should be reinstated with some back pay to "remedy the fact that Captain Balser was denied the opportunity for a timely first step hearing." *Id.* at 21. The Board ordered that Balser's discharge be reduced to a disciplinary suspension and directed plaintiff to reinstate him with no loss of seniority and full contract benefits, with the exception of back pay in the amount of one-half of what he otherwise would have received had he been exonerated.

VI.

*Did The Board Go Beyond
Its Jurisdiction?*

■ One of the circumstances in which the court can set aside an arbitration award is where the System Board has gone beyond its jurisdiction. *Union Pac.,* 439 U.S. at 93, 99 S.Ct. 399. An award must draw its essence from the collective bargaining agreement between the parties and may not simply reflect the arbitrator's own notions of industrial justice. *Eastern Associated Coal Corp. v. United Mine Workers of Am. Dist. 17,* 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000); *Houston Lighting & Power Co. v. Int'l Bhd. of Elec. Workers,* 71 F.3d 179, 182

---

**2.** Although the Board did not use the words "just cause," the language used constituted an implicit finding of just cause. *See E.I. DuPont* *de Nemours & Co. v. Local 900,* 968 F.2d 456, 458 (5th Cir.1992).

(5th Cir.1995). An award fails to draw its essence from the agreement where:

> 1) the award conflicts with the express terms of the agreement, 2) the award imposes additional requirements that are not expressly provided in the agreement, 3) the award is without rational support or cannot be rationally derived from the terms of the agreement, or 4) the award is based on general considerations of fairness and equity rather than the precise terms of the agreement.

*Airline Prof'ls Ass'n v. ABX Air, Inc.*, 274 F.3d 1023, 1030 (6th Cir.2001).

■ Here, the award conflicts with, and imposes additional requirements not expressly provided in, the agreement, because it requires more than just cause to terminate a pilot.[3] The award imposes the additional requirement of a first step hearing, even though the agreement reflects that the hearing may be waived—"the pilot and Association may consider the grievance denied," Pl.'s App. at 371—and the pilot may proceed to the System Board. That is exactly what happened in this case.

Defendant argues that whether a procedural first step hearing was conducted affects the just cause determination.[4] In other words, in determining whether just cause for Balser's termination existed, the Board could take into account the failure of plaintiff to provide him a first step hearing. Defendant has not cited any authority to support such a proposition,[5] and the court is not aware of any. The Board itself recognized that it was addressing two wholly separate issues, whether there was just cause to terminate Balser and whether plaintiff's post-grievance conduct violated the parties' agreement. Having answered "yes" to both questions, the Board decided to create a remedy out of whole cloth:

> Substantial penalties are required to remedy serious violations. We do not have the luxury of curing one violation and ignoring the other. We feel we must address the violations on both sides of the case, and we feel we must address them in such a way as to reduce the probability that they will occur again in the future. Accordingly, we have fashioned a remedy which, we believe, achieves that result.

Pl.'s App. at 21.

■ Judicial precedent is overwhelmingly clear. If just cause exists to terminate an employee, the arbitrator has no authority to proceed further. There is simply no room to fashion an appropriate remedy. *See, e.g., E.I. DuPont de Nemours & Co. v. Local 900*, 968 F.2d 456 (5th Cir.1992). As the very first section of the

---

**3.** The "just cause" requirement is set forth in section 20, A, 2 of the collective bargaining agreement: "A pilot who has completed his probationary period will not be discharged or disciplined without just cause." Pl.'s App. at 370. Defendant agrees that just cause is the test for determining whether Balser's termination was proper. Def.'s Resp. to Summ. J. Mot. at 4.

**4.** Defendant additionally argues that nothing makes the offenses committed by Balser just cause for discharge. In making its presentation to the System Board, however, defendant's only argument besides the alleged procedural irregularity was that plaintiff could not support the charges by clear and convinc-

ing evidence. Pl.'s App. at 6. In other words, plaintiff's rules and policies were quite clear and both parties recognized that the conduct at issue provided just cause for discharge if post-discharge due process arguments were not considered.

**5.** The case upon which defendant primarily relies, *International Ass'n of Machinists v. San Diego Marine Constr. Corp.*, 620 F.2d 736 (9th Cir.1980), is not in point. There, the employee would not have been fired had he talked to management at the investigation stage. Management failed to warn him of the consequences of remaining silent during the grievance proceeding.

Board's opinion and award reflects, the issues to be decided were whether just cause existed and, if not, what the remedy should be. These were later described as the "substantive issues." Pl.'s App. at 10. Along the way, the Board got sidetracked by the allegation that plaintiff was obligated to provide Balser a hearing, which was described as a "procedural issue." *Id.* Mixing apples and oranges, the Board "fashioned a remedy" beyond its jurisdiction.

## VII.

### *Does the Board's Award Violate Public Policy?*

Plaintiff vigorously argues that the Board's award violates public policy by ordering the reinstatement of a captain who, on numerous occasions, carried a deadly weapon through airport security and into the cockpit. Plaintiff also makes the much weaker argument that Balser's reinstatement violates public policy against discrimination and harassment. Although the security of the flying public has become a matter of utmost concern following the events of September 11, 2001, the court is not persuaded that public policy would prohibit Balser's reinstatement.

## VIII.

### *ORDER*

For the reasons discussed herein,

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted and that the arbitration award at issue in this action be, and is hereby, vacated. The court further ORDERS that defendant's motions be, and are hereby, denied.