United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

04-10230
Summary Calendar

MELISSA E. SMITH,

Plaintiff-Appellant,

VERSUS

TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO
AIR TRANSPORT LOCAL 556,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Melissa Smith appeals a district court order vacating a modification of an arbitration award. Defendant-Appellee Transport Workers Union Local 556 argued to the district court that the arbitration panel lacked authority to modify the initial arbitration award after three business days, the period specified in the arbitration agreement for amendment to an award. Agreeing with the Union, the district court vacated the arbitration award as modified and confirmed only the initial award. Smith appeals. Because the arbitration agreement clearly restricts the authority of the arbitrators to amend or correct their award, we

affirm.

                            I.

Smith, former president of the Union, initially sued the Union about matters no longer pertinent in this appeal. The issue presently before us arose after the parties agreed to stay litigation and submit to binding arbitration, and indeed after an initial arbitral award in favor of Smith. Questions about taxation of additional costs and the arbitration panel's authority to modify its initial award gave rise to this controversy. The arbitral panel determined that it had such authority and modified the award to tax additional costs against the Union, favoring Smith.

In district court Smith moved to confirm the modified award and the Union opposed confirmation of the award *as modified*, but not the original award. The district court agreed with the Union and vacated the modified award, confirming only the original award.[1]

Our review of the district court's confirmation or vacatur of an arbitrator's award is de novo; our review of the arbitrator's award itself, however, is very deferential.[2]

Whether a contract requires arbitration of a given dispute is a matter of contract interpretation and a question of law for the

---

[1]  R. 177.

[2]  Gulf Coast Indus. Workers Union v. Exxon Co., USA, 70 F.3d 847, 850 (5th Cir. 1995); Gateway Techs., Inc. v. MCI Telecomms. Corp., 64 F.3d 993, 996 (5th Cir. 1995); Executone Info. Sys., Inc. v. Davis, 26 F.3d 1314, 1320 (5th Cir. 1994).

court.[3]  The arbitration agreement states that, "The arbitrators *sua sponte* may amend or correct their award within three business days after the award, but the parties shall not have a right to seek correction of the award."[4]

More than a month after the initial award, the arbitration panel found a modification to be "consistent with the arbitration agreement of the parties and the intention of the drafter of the award."[5]  Smith argues that the district court should accept the arbitration panel's interpretation because it was based on evidence that was not before the district court.  She contends that, without a transcript of the arbitration proceedings, we must presume the evidence was adequate to support the award.  While Smith asks us to defer to the panel, we view the real question as a matter of contract interpretation and one for the courts, since it involves the question of the arbitrators' authority.[6]

Arbitration is a matter of contract; a party cannot be required to submit to arbitration unless it agreed in advance that

---

[3] <u>AT & T Techs., Inc. v. Communications Workers of America</u>, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986); <u>see also</u> <u>Babcock & Wilcox Co. v. PMAC, Ltd.</u>, 863 S.W.2d 225, 229-30 (Tex. App. — Houston [14th Dist.], 1993, <u>writ</u> <u>denied</u>) (citing <u>AT & T</u>).

[4] R. 154.

[5] R. 124.

[6] <u>AT&T</u>, 470 U.S. at 649; <u>Babcock</u>, 863 S.W.2d at 230.

the dispute would be arbitrated.[7]  Although the law imposes a presumption in favor of arbitrability, the policy that favors resolving doubts in favor of arbitration "cannot serve to stretch a contractual clause beyond the scope intended by the parties or authorize an arbiter to disregard or modify the plain and unambiguous provisions of the agreement."[8]

The plain wording of the arbitration agreement contemplates that the arbitrators will not consider correcting the arbitral award at all at the behest of the parties, and forbids a correction or amendment on the arbitrators own motion more than three business days after the award.  We conclude that the modification made was beyond the reach of the arbitrators' power.  If an arbitral panel exceeds its authority, it provides grounds for a court to vacate that aspect of its decision.[9]

## II.

As a second ground to reverse, Smith points to the Union's

---

[7]  United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (1960).

[8]  Babcock, 863 S.W.2d at 230.

[9]  The Texas Arbitration Act (applicable under the contract, R. 154) provides that a court shall vacate an award if the arbitrators exceeded their powers.  Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A).  The same is true under federal law.  9 U.S.C.A. § 10(a)(4) (district court "may make an order vacating the award . . . where the arbitrators exceeded their powers"); Container Prods., Inc. v. United Steelworkers of America, and its Local 5651, 873 F.2d 818, 820 (5th Cir. 1989) ("[V]acation or modification of an arbitration award is clearly proper where the arbitrator has exceeded his authority.")

4

contractual limitation on its right of appeal to "arbitrator misconduct." We note, however, that the Union did not appeal the merits of the arbitral award at all. As discussed above, the Union lodged its objection to Smith's request to confirm based on the power of the arbitrators to modify the award, a question of law for the court. We do not find that the Union violated its agreement to waive appeal of certain matters.

## III. CONCLUSION

By modifying the original award, the arbitration panel in this case exceeded the authority granted by the parties' agreement to arbitrate. Consequently, we affirm the district court's judgment vacating the modified award and confirming the original arbitration award.

AFFIRMED.