EDITH BROWN CLEMENT, Circuit Judge,
dissenting.
For decades, this court has recognized district courts’ ability to find just cause even when the arbitrator does not expressly state that it exists. E.I. DuPont de Nemours & Co. v. Local 900 of Int’l Chem. Workers Union, AFL-CIO 968 F.2d 456, 458 (5th Cir.1992) (“[W]here an arbitrator implicitly finds that just cause exists, he need not recite the operative phrase ‘just cause.’”); Delta Queen Steamboat Co. v. Dist. 2 Marine Eng’rs Beneficial Ass’n, 889 F.2d 599, 604 (5th Cir.1989) (holding that “where an arbitrator fails to make an express finding of proper cause, he nevertheless will be so bound if he finds that the employee committed certain underlying acts that constitute proper cause”). Because the majority’s analysis unnecessarily extends this court’s recent decision in Al-bemarle Corp. v. United Steel Workers ex rel. AOWU Local 103, 703 F.3d 821 (5th Cir.2013), to effectively abrogate our prior holdings on implicit findings of just cause, I respectfully dissent.
The arbitrator’s opinion stated that, after numerous prior infractions, Delek issued Smith a final warning that “[a]ny future performance or safety issues of any nature or severity will result in immediate separation of employment.” It later noted that, after his latest infraction, “the Company had sufficient and reasonable cause to discipline [Smith] for not contacting his supervisor before pumping the 12,959 barrels of slop oil from tank 162 into the crude unit.” Nothing more is required for us to hold that the arbitrator implicitly found just cause for termination.
The majority’s reliance on Albemarle is misplaced. The chemicals manufacturer in Albemarle terminated two employees for violating safety protocols. Id. at 823. As the employees were leaving work after completing their shift, they noticed liquid leaking from a building. They attempted to reach their foreman by phone for five minutes, and then reported the leak to the security guard on duty, who was able to reach their foreman by radio. But because company protocol required employees to immediately report chemical spills to supervision or security, the company terminated the employees a week later. Id. The Albemarle court noted that “[t]he arbitrator reasoned ... ‘that discharge was not appropriate’ because the Grievants had no prior safety violations, were exiting the facility after completing their day’s work, and succeeded in notifying the proper persons of the spill.” Id. at 824. The court also noted that “[t]he arbitrator de *338 termined the five minute delay [in reporting the spill] did not measurably increase the leak’s costs to the Company.” Id. at 823.
A comparison with our facts reveals why Albemarle is inapposite. As noted above, Smith’s conduct affirmatively caused the erroneous slop oil transfer, which affected Delek’s profits and costs. And unlike the workers in Albemarle, the October 27, 2008 transfer was not Smith’s first transgression, but instead came after several prior incidents that resulted in two final warnings and a suspension. Unlike in Al-bemarle, Smith’s accident-prone history and Delek’s repeated attempts to discipline and warn him provide the requisite backdrop for holding that the arbitrator’s finding of just cause to discipline was also an implicit finding of just cause to terminate. Instead, this case’s facts are closer to those in DuPont, Delta Queen, and other cases where this court found the arbitrator to have exceeded his authority by fashioning an alternative remedy after implicitly finding just cause to terminate.
This court has rejected previous attempts to narrowly construe, as the majority does here, DuPont’s and Delta Queen’s holdings. See Am. Eagle Airlines, Inc. v. Air Line Pilots Assoc., Int’l, 343 F.3d 401, 410 (5th Cir.2003) (“[T]here is simply nothing in the language of DuPont or Delta Queen to suggest that these holdings were unique to their respective facts.”). And for good reason: adopting such a narrow reading of DuPont and Delta Queen effectively limits those cases’ holdings to their facts, and effectively abrogates circuit precedent while encroaching on any meaningful judicial review that remains over arbitral awards.
As did the magistrate judge and district court below, I believe that the arbitrator’s decision here contained an implicit finding of just cause for termination. Consistent with our holdings in DuPont and Delta Queen, I would affirm the district court’s decision to vacate the arbitral award.