# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

No. 22-10371

Communications Workers of America, AFL-CIO,

*Plaintiff—Appellant*,

*versus*

Dex Media, Incorporated, *doing business as* Thryv,
Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3295

Before Graves, Ho, and Duncan, *Circuit Judges*.
Per Curiam:*

In August 2020, an arbitrator ruled in favor of Appellee Thryv, Inc. ("Thryv") concerning the January 2014 termination of George Animadu, a member of Appellant Communication Workers of America, AFL-CIO ("CWA"). The arbitrator dismissed CWA's grievance on Animadu's behalf based on laches. CWA sued in federal district court to vacate the decision.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

No. 22-10371

On cross-motions for summary judgment, the district court denied CWA's motion and granted Thryv's, confirming the arbitrator's decision. CWA now appeals.

We review the district court's decision *de novo. Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012). Our review of the underlying arbitral decision, however, is "exceedingly deferential." *Delek Ref., Ltd. v. Local 202, United Steel*, 891 F.3d 566, 570 (5th Cir. 2018) (citing *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004)). Even if the arbitrator seriously erred in finding facts or interpreting the Collective Bargaining Agreement ("CBA"), we "will uphold a decision that is rationally inferable from the purpose of the CBA." *Delek*, 891 F.3d at 570 (citing *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 38 (1987); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1325 (5th Cir. 1994)). That said, deference is not limitless. We will vacate an arbitrator's decision if it exceeds the CBA's jurisdictional limits or ignores its plain terms. *Delek*, 891 F.3d at 570 (citing *Albemarle Corp. v. United Steel Workers ex rel. AOWU Local 103*, 703 F.3d 821, 824 (5th Cir. 2013); *Smith v. Transp. Workers Union of Am., Local 556*, 374 F.3d 372, 375 (5th Cir. 2004); *Misco*, 484 U.S. at 38)). Those occasions are "rare," however. *Ibid.*

In this case, the CBA outlines a two-step process for handling grievances against Thryv by its CWA-represented employees. If CWA is unhappy with Thryv's decision at step one, it can appeal to step two within two weeks. The formal grievance process is deemed complete after Thryv makes a step-two decision or "default[s]" in its duty to meet with CWA, as outlined in Section 7:

> Meetings at each level of the grievance procedure shall be arranged promptly. If, due to [Thryv's] actions, a mutually agreeable meeting date is not arranged within two (2) weeks of either [Thryv's] receipt of the initial notification or the appeal

of the grievance, the [CWA] may present its original grievance
to the next higher level of the formal grievance procedure.

A separate section of the CBA permits any party to submit the dispute to arbitration within 60 days after completion of the formal grievance procedure.

The arbitrator dismissed the grievance based on Thryv's laches defense. This equitable doctrine requires showing that a claimant's unreasonable delay in asserting his rights unduly prejudiced the defendant. *See Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016). In essence, the arbitrator decided that CWA could have proceeded to arbitration as early as August 2015, but nonetheless waited over four years to demand arbitration in December 2019, prejudicing Thryv's defense. On appeal, CWA argues this decision ignored the CBA's express language and must be vacated. We disagree.

As the district court correctly ruled, the arbitrator's decision "is rationally inferable from the language and purpose of the CBA." *See Delek*, 891 F.3d at 570. The arbitrator found step one of the grievance process was complete when Thryv provided a written decision rejecting the claim on August 7, 2015. CWA timely appealed, but Thryv never scheduled a step-two meeting, thus ending the formal grievance process. "Therefore," the arbitrator concluded, CWA "had the right in August 2015 to proceed to the next higher level of the formal grievance procedure, which was arbitration." Yet CWA did not do so at that time. Instead, over the ensuing two years, it filed information requests on Animadu's termination, as well as a charge with the National Labor Relations Board. CWA did not file for arbitration until December 2019. Applying laches, the arbitrator found CWA's unreasonable delay in seeking arbitration prejudiced Thryv's ability to respond to the

charges, since "it was undisputed that no witnesses were available to prove [Thryv's] burden of just cause."

On appeal, CWA argues the arbitrator ignored the plain language of Section 7 of the CBA which, as discussed above, provides that CWA "may" escalate to arbitration once the grievance process is complete. According to CWA, this permissive language allows it to indefinitely postpone seeking arbitration while it waits for Thryv to schedule a step-two meeting. By requiring CWA to seek arbitration within a definite period, argues CWA, the arbitrator replaced "may" with "shall." We disagree.

Contrary to CWA's argument, the arbitrator rejected any notion that "may" means "shall." Indeed, the arbitrator agreed with CWA that Section 7 did not require it to seek arbitration within two weeks or forever lose that right. But, as the district court correctly understood, the arbitrator reasoned that Section 7 did not allow CWA to arbitrate "on 'whatever date in the future it decides.'" Such an interpretation of the CBA would be "inconsistent with having agreed upon grievance procedures that facilitate the quick resolution of disputes." CWA is mistaken that this interpretation somehow ignores or adds to the plain words of Section 7.

CWA relies on four of our cases where we vacated arbitral awards, but all are distinguishable. In three of them, the CBA expressly allowed a company to fire an employee for cause, but arbitrators reinstated the employees even after agreeing such cause existed.[1] And in the fourth, a company had exclusive authority under a CBA to evaluate employees' performance, yet the arbitrator ignored the agreement and made a *de novo*

---

[1] *See Am. Eagle Airlines, Inc. v. Airline Pilots Ass'n, Int'l*, 343 F.3d 401, 410 (5th Cir. 2003); *E.I. DuPont de Nemours and Co. v. Local 900 of Int'l Chem. Workers Union, AFL-CIO*, 968 F.2d 456, 459 (5th Cir. 1992) (per curiam); *Delta Queen Steamboat Co. v. District 2 Marine Eng'rs Beneficial Ass'n, AFL-CIO*, 889 F.2d 599, 601, 604 (5th Cir. 1989).

No. 22-10371

determination of the employee's qualifications.[2] In all four cases, then, the arbitrator "utterly contorted" the contract by acting "contrary to an express contractual provision." *Vantage Deepwater Co.*, 966 F.3d at 375 (quotation omitted). Those cases are not this one. Here, CWA fails to identify any specific terms of the CBA the arbitrator ignored.[3]

The district court's decision confirming the arbitral award is therefore AFFIRMED.

---

[2] *Houston Lighting & Power Co. v. Int'l Bhd of Elec. Workers, Local Union No. 66*, 71 F.3d 179, 181, 185 (5th Cir. 1995).

[3] CWA also argues the arbitrator denied it due process by failing to provide notice of her "contract construction theory." Like the district court, we disagree. Parties to an arbitration are entitled to notice and an opportunity to be heard. *See Totem Marine Tug & Barge v. N. Am. Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979). CWA received all this and more when the arbitrator notified both parties that she would first decide whether the grievance was procedurally arbitrable in light of Thryv's laches defense. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S 79, 85 (2002). CWA cites no authority for the extraordinary proposition that the arbitrator was also required to preview her reading of Section 7 before issuing her ruling. *Cf.*, *e.g.*, Am. Arbitration Ass'n, Labor Arbitration Rules 14 (2013), https://www.adr.org/sites/default/files/Labor_Arbitration_Rules_3.pdf (stating that an "arbitrator . . . may . . . direct the parties to focus their presentations on [dispositive] issues").